IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

**Case No.**

DALE J. MILLS and C. DIANE MILLS,  :
:
        Plaintiffs,  :
v.  :
:
FOREMOST INSURANCE COMPANY,  :
:
        Defendant.  :
_____/

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1446 and 1453, defendant Foremost Insurance Company ("Foremost") gives notice of the removal of this action from Florida state court to this Court. Foremost states the following grounds for removal.

1. In April 2005, plaintiffs Dale J. Mills and C. Diane Mills filed their Class Action Complaint (Case No. 53-2006-CA-00829-8) in the Tenth Judicial Circuit Court in and for Polk County, Florida.

2. Foremost was served with the Summons and Complaint on April 25, 2006. Copies of the Summons and Complaint are attached as composite Exhibit A to this Notice. No other process, pleadings, or orders have been served upon Foremost.

3. The Complaint alleges class action claims against Foremost on behalf of the following putative class of plaintiffs:

{O1029959;1}

**AKERMAN SENTERFITT**

Case No. 06-////-CIV

> ALL MOBILE HOME INSURANCE POLICYHOLDERS OF FOREMOST IN THE STATE OF FLORIDA, WHO BETWEEN AUGUST 1, 2004 AND THE PRESENT, MADE A CLAIM FOR DAMAGE TO THEIR MOBILE HOME AND/OR PERSONAL PROPERTY CAUSED BY OR ARISING OUT OF THE FLORIDA HURRICANES WHICH WAS INSURED BY FOREMOST ON WHICH CLAIM (1) FOREMOST WRONGFULLY FAILED TO PAY OVERHEAD AND PROFIT INCURRED BY THE PLAINTIFFS AND OTHER CLASS MEMBERS IN CONNECTION WITH THE REPAIR OR REPLACEMENT OF HURRICANE DAMAGE REAL OR PERSONAL PROPERTY, AND/OR (2) FOREMOST WRONGFULLY FAILED TO PAY STATE AND LOCAL TAXES INCURRED BY THE PLAINTIFFS AND OTHER CLASS MEMBERS IN CONNECTION WITH THE REPAIR OR REPLACEMENT OF HURRICANE DAMAGED REAL OR PERSONAL PROPERTY, AND/OR (3) FOREMOST KNOWINGLY AND UNLAWFULLY FAILED TO INFORM THE PLAINTIFFS AND THE CLASS MEMBERS PRIOR TO THE PURCHASE AND/OR RENEWAL OF THE INSURANCE POLICIES AT ISSUE OF THE INSURERS' INTERPRETATION OF RELEVANT POLICY PROVISIONS AND/OR INTENT OR CORPORATE POLICIES OF NOT PAYING SAID TAX, PROFIT AND OVERHEAD ITEMS.

Complaint ¶ 21.

4.  Foremost's response to the Complaint originally was due on May 15, 2006. Plaintiffs' counsel agreed that Foremost could have an enlargement of time through Tuesday, June 6th, to respond to the Complaint. See Note dated May 11, 2006 (attached as Exhibit B).

5.  This action is one of which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, codified at 28 U.S.C. § 1332 et seq., because: (a) any member of the class of plaintiffs is a citizen of a State different from any defendant; and (b) the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.

Case No. 06-////-CIV

6.  On information and belief, Plaintiffs are citizens of Florida and were citizens of Florida at the time of the filing of the Complaint. See Complaint ¶ 1. It appears that most, if not all, of the other members of the proposed Class also are citizens of Florida. See id. ¶ 21.

7.  Foremost is a Michigan corporation with its principal place of business in Grand Rapids, Michigan, and it similarly was a citizen of Michigan at the time of the filing of the Complaint. See Fla. Corporations Online Public Inquiry form (attached as Exhibit C).

8.  The Complaint contemplates an amount in controversy in excess of $5 million, exclusive of interest and costs, in that Plaintiffs seek compensatory damages (specifically, overhead and profit and sales tax) and attorneys' fees on behalf of Florida mobile home owners who were insured by Foremost and who made claims arising from Hurricanes Frances, Ivan and Jeanne (collectively, the "Florida Hurricanes"), which hit Florida in August and September 2004. See Complaint ¶¶ 12 & 21. On information and belief, Foremost estimates that its potential exposure (for damages alone, not including fees) exceeds $5 million. See Mulder Declaration (attached as Exhibit D). Accordingly, and on information and belief, the amount in controversy in this putative class action is in excess of $5 million.

9.  Foremost is filing this Notice with this Court within 30 days of its receipt of the Complaint as provided in Section 1446(b).

**AKERMAN SENTERFITT**

Case No. 06-////-CIV

10. Foremost simultaneously is filing a copy of this Notice with the circuit court clerk and is serving a copy of the Notice on Plaintiffs, as provided in Section 1446(d).

11. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the Tenth Judicial Circuit Court in and for Polk County, the forum in which the removed action was pending.

| | |
|---|---|
| Marcy Levine Aldrich<br>AKERMAN SENTERFITT<br>2800 SunTrust International Center<br>One S.E. Third Avenue<br>Miami, Florida 33131<br>Telephone: 305-374-5600<br>Telefax: 305-374-5095<br>Marcy.Aldrich@akerman.com | *Virginia B. Townes* (signature)<br>Virginia B. Townes<br>Florida Bar No.: 361879<br>AKERMAN SENTERFITT<br>420 South Orange Avenue (32801)<br>Post Office Box 231<br>Orlando, Florida 32802<br>Telephone: 407-423-4000<br>Telefax: 407-843-6610<br>Virginia.Townes@akerman.com |

Counsel for Defendant Foremost

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 24th day of May 2006 to: Richard M. Beckish, Esq., Liberis & Associates, P.A., 40 South Palafox Place, Suite 500, Pensacola, Florida 32502; and Geoffrey N. Fieger, Esq., 19390 West Ten Mile Road, Southfield, Michigan 48075.

*Virginia B. Townes* (signature)
Virginia B. Townes