IN THE CIRCUIT COURT IN AND FOR
POLK COUNTY, FLORIDA
CIVIL DIVISION

DALE J. MILLS and C. DIANE MILLS,

    Plaintiffs,

v.

FOREMOST INSURANCE COMPANY,

a Michigan corporation,

    Defendant.

_____/

53-2006CA-000829-0000-00

Case No: _____ SEC 8

Division: _____

**CLASS REPRESENTATION**

RETURNED
FEB 28 2006
CLERK CIRCUIT COURT
POLK COUNTY

☐ COPY

**CLASS ACTION COMPLAINT**

The Plaintiffs, DALE J. MILLS and C. DIANE MILLS (the "MILLS"), on behalf of themselves and all others similarly situated, file this class action pursuant to Rule 1.220(a),(b)(2) and (b)(3), seeking monetary, declaratory, and injunctive relief for the Plaintiffs and the class they represent against Defendant, FOREMOST INSURANCE COMPANY ("FOREMOST").

## PARTIES

1.     The MILLS, are citizens and residents of Polk County, Florida. They own a residential mobile home located at 126 Rita Bee Avenue, Davenport, Florida 33897, which was insured against wind damage losses by defendant, FOREMOST.

2.     Defendant, FOREMOST, is and at all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of Michigan, carrying on the business of insurance within the State of Florida.

3.    FOREMOST utilizes a standard form of mobile home insurance policy throughout the State of Florida. All of FOREMOST'S policyholders have the same rights and FOREMOST has the same obligations under the terms of the standard form policy.

### JURISDICTION AND VENUE

4.    This is a class action brought under Florida Rules of Civil Procedure 1.220(a), (b)(2), and (b)(3), seeking monetary, declaratory, and injunctive relief for the individual the Plaintiffs herein, The MILLS, and the class they represent.

5.    This Court has jurisdiction over the parties and the subject matter of this litigation.

6.    The Plaintiffs' action for declaratory relief is authorized by Chapter 86 of the Florida Statutes.

7.    Venue is proper in this circuit as Defendant, FOREMOST, carries on business in Polk County and the Plaintiffs, The MILLS, and other class members to be named later reside in, and the insured mobile home which is the subject matter of this lawsuit are located in, Polk County.

### FACTUAL BACKGROUND

8.    This is a class action based on a corporate scheme and pattern and practice of improper claims handling and suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages perpetrated by Defendant, FOREMOST, that constitutes unfair methods of competition and/or unfair or

deceptive acts and practices in the trade and conduct of insurance and/or breach of fiduciary duty.

9.    By enacting the Unfair Insurance Trade Practices Act, the Florida legislature has determined that certain practices by insurance companies in the state of Florida are unfair methods of competition or unfair or deceptive acts and practices in the trade and conduct of insurance.    Included in this definition of unfair methods of competition or unfair or deceptive acts and practices is the following:

> "(a)  *Misrepresentations and false advertising of insurance policies*: - "Knowingly making issuing, circulating, or causing to be made, issued, or circulated, any estimate, illustration, circular, statement, sales presentation, or comparison which:
>
>> 1.    Misrepresents the benefits, advantages, conditions, or terms of any insurance policy."
>> *[Florida Statutes, 626.9541(1)(a)(1).]*

Also included in this definition of unfair methods of competition or unfair or deceptive acts and practices is the following:

> "(e)    *False statements and entries*: --
>
>> 1.    Knowingly:
>>> a.    Filing with any supervisory or other official,
>>> b.    Making, publishing, disseminating, circulating,
>>> c.    Delivering to any person,
>>> d.    Placing before the public,
>>> e.    Causing, directly or indirectly, to be made, published, disseminated, circulated, delivered to any person, or placed before the public,

any false material statement."

> "(i)    *Unfair claim settlement practices*: --
>
>> "1.    (Intentionally omitted.)

2.    A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy, or

3.    Committing or performing with such frequency as to indicate a general business practice any of the following:

a.    Failing to adopt and implement standards for the proper investigation of claims;

b.    Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

c.    Failing to acknowledge and act promptly upon communications with respect to claims;

d.    Denying claims without conducting reasonable investigations based upon available information;

e.    Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, ...

f.    Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or the applicable law, for the denial of a claim or for the offer of a compromise settlement;

g.    Failing to promptly notify the insured of any additional information necessary for the processing of a claim; or

h.    Failing to clearly explain the nature of the requested information and the reasons why such information is necessary." [*Florida Statutes, 626.9541(1)(i)(2) and (3).*]

10.    It is the public policy of the state of Florida that the business of insurance is a public trust in which public trust all agents, insurers, and claims representatives must serve the best interests of their insureds.

11.     The laws of the state of Florida are a part of every Florida insurance policy, and the laws applicable to mobile home insurers are a basic ingredient and provision in every Florida mobile home insurance contract, including the contracts between Defendant, FOREMOST, and the Plaintiffs herein and the Class Members they seek to represent.

## CONDUCT GIVING RISE TO CLAIMS FOR RELIEF

12.     Beginning with Defendant's adjustment of claims arising out of Hurricane "Charlie" on August 26, 2004, continuing through their adjustment of claims arising out of Hurricane "Frances" on September 3, 2004, Hurricane "Ivan" on September 16, 2004, and Hurricane "Jeanne" on September 27, 2004 (hereinafter collectively referred to as the "Florida Hurricanes," and continuing through the current date, Defendant, FOREMOST, engaged in a corporate scheme and pattern and practice of and suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages and improper claims handling that constituted unfair methods of competition and/or unfair or deceptive acts and practices in the business of insurance and/or breach of fiduciary duty by which FOREMOST reduced the lawful benefits paid to their insureds.    In particular, said Defendants committed the following unfair or deceptive acts and practices:

(a)     Knowingly and unlawfully failing to pay the Plaintiffs and the Class Members, overhead and profit on the line items included in said Defendants' estimates of Hurricane damage losses;

(b)     Knowingly and unlawfully failing to pay the Plaintiffs and the Class Members state and local taxes on materials used to repair or replace Hurricane damaged property; and

(c)     Knowingly and unlawfully failing to inform the Plaintiffs and the Class Members prior to the purchase and/or renewal of the insurance policies at issue of the insurers' interpretation of policy provisions and/or intent or corporate policy of not paying said tax, profit and overhead items.

13.     As a direct and proximate result of the aforesaid corporate schemes and patterns and practices of and suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages and improper claims handling perpetrated by said Defendant, FOREMOST, residents of the state of Florida who have made a claim for Hurricane damage under mobile home insurance policies issued by said Defendant, FOREMOST, including the Plaintiffs herein and the Class Members, have received considerably less in insurance benefits than Defendant, FOREMOST was obligated to pay, or that the Plaintiffs and the Class Members were entitled to receive.

## THE CLAIM FOR RELIEF OF DALE AND DIANE MILLS

14.     At all times material hereto, the MILLS, were and are individuals residing in a mobile home located at 126 Rita Bee Avenue, Davenport, Florida 33897 (the "Mills Residence").     At all times material hereto, the Mills Residence was insured with defendant, FOREMOST, under a mobile home insurance policy, No. 0654283674

15.     On or about September 5, 2004, the Mills Residence was hit by Hurricane "Frances" and, as a direct and proximate result thereof, the MILLS, suffered damage to their mobile home and personal property covered under said insurance policy.

16.     The MILLS, made a claim under the policy for damages to their residence and personal property arising out of Hurricane "Frances" and received a loss payment from defendant, FOREMOST, which was less than that to which they were entitled.

17.     FOREMOST knowingly and unlawfully failed to pay the MILLS compensation for state and local taxes incurred by the MILLS in having the Hurricane-damaged property repaired or replaced.

18.     FOREMOST knowingly and unlawfully failed to pay the MILLS compensation for overhead and profit incurred by the MILLS in having the Hurricane-damaged property repaired or replaced.

19.     FOREMOST knowingly and unlawfully misrepresented to and/or withheld from and/or failed to inform the MILLS prior to the purchase and/or renewal of the insurance policies at issue of FOREMOSTS' interpretation of policy provisions and/or intent or corporate policy of not paying said tax, profit and overhead items.

20.     The MILLS are not sophisticated in insurance matters and relied on FOREMOSTS' expertise and representations in making the decision to renew and/or purchase the policy at issue.

## CLASS REPRESENTATION ALLEGATIONS

21.     The Plaintiffs seek certification of a class (hereinafter the "Class"), pursuant to Rule 1.220 of The Florida Rules of Civil Procedure, which is defined as follows:

> ALL MOBILE HOME INSURANCE POLICYHOLDERS OF FOREMOST IN THE STATE OF FLORIDA WHO, BETWEEN AUGUST 1, 2004 AND THE PRESENT, MADE A CLAIM FOR DAMAGE TO THEIR MOBILE HOME AND/OR PERSONAL PROPERTY CAUSED BY OR ARISING OUT OF THE FLORIDA HURRICANES WHICH WAS INSURED BY FOREMOST ON WHICH CLAIM (1) FOREMOST WRONGFULLY FAILED TO PAY OVERHEAD AND PROFIT INCURRED BY THE PLAINTIFFS AND OTHER CLASS MEMBERS IN CONNECTION WITH THE REPAIR OR REPLACEMENT OF HURRICANE DAMAGED REAL OR PERSONAL PROPERTY, AND/OR (2) FOREMOST WRONGFULLY FAILED TO PAY STATE AND LOCAL TAXES INCURRED BY THE PLAINTIFFS AND OTHER CLASS MEMBERS IN CONNECTION WITH THE REPAIR OR REPLACEMENT OF HURRICANE DAMAGED REAL OR PERSONAL PROPERTY, AND/OR (3) FOREMOST KNOWINGLY AND UNLAWFULLY FAILED TO INFORM THE PLAINTIFFS AND THE CLASS MEMBERS PRIOR TO THE PURCHASE AND/OR RENEWAL OF THE INSURANCE POLICIES AT ISSUE OF THE INSURERS' INTERPRETATION OF RELEVANT POLICY PROVISIONS AND/OR INTENT OR CORPORATE POLICIES OF NOT PAYING SAID TAX, PROFIT AND OVERHEAD ITEMS.

All directors, officers, agents and/or employees of Defendant, FOREMOST, are to be excluded from the Class.

22.     This action is properly brought as a class action under Rule 1.220 for the following reasons:

(a)     Although the Plaintiffs are unaware of the exact number of Class Members, because FOREMOST is one of the largest providers of mobile home insurance in the state of Florida, the Plaintiffs believe and therefore allege that Class

Members number in the thousands and are so numerous that joinder of all members is impracticable;

(b)     There is a well defined community of interest in the questions of law and fact raised in this complaint between the Plaintiffs herein and the Class. Questions of law and fact common to the Class Members predominate over any questions which may affect only individual members, in that Defendant, FOREMOST acted in the same wrongful and unlawful manner, and committed the same wrongful practices against the entire Class.  Among the questions of law and fact common to the entire Class are:

(1)     Whether FOREMOST had an obligation to the Plaintiffs herein and the Class Members to include compensation for overhead and profit on the line items included in said Defendants' estimates of building Hurricane damage losses and failed to do so;

(2)     Whether FOREMOST had an obligation to the Plaintiffs herein and the Class Members to include compensation for state and local taxes on replacement personal property and on building materials used to repair or replace hurricane damaged mobile homes;

(3)     Whether the conduct of FOREMOST constitutes breach of contract;

(4)     Whether FOREMOST owed a fiduciary duty to the Plaintiffs and Class Members not to knowingly and unlawfully fail to inform the Plaintiffs and the

Class Members prior to the purchase and/or renewal of the mobile home insurance policies at issue of the insurers' interpretation of policy provisions and/or intent or corporate policy not to pay said tax, profit and overhead items;

(5)    Whether the conduct of FOREMOST constitutes a breach of their fiduciary duty owed to the Plaintiffs herein and the Class Members by said Defendant;

(6)    Whether the Plaintiffs herein and the Class Members have sustained damages and if so, the proper measure of damages;

(7)    Whether the Plaintiffs herein and the Class Members are entitled to an award of punitive damages against FOREMOST if the requirements of Florida Statutes are met; and

(8)    Whether the Plaintiffs herein and the Class Members are entitled to declaratory and injunctive relief or the equitable relief that is requested herein.

23.    The Plaintiffs' claims are typical of the claims of other Class Members which arise from common policy language in the standard mobile home insurance policies issued to the Plaintiffs and the Class Members by FOREMOST, and from FOREMOST'S claims practices, procedures, courses of dealing, and rules applicable to all Florida residents.

24.    The Plaintiffs herein will fairly and adequately protect the interests of the Class Members. The Plaintiffs have no interest antagonistic to those of other Class Members, and the Plaintiffs have retained attorneys experienced in class action and complex litigation as counsel.

25.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)    The Class is so numerous that it is impractical to bring all Class Members before the court;

(c)    Given the size of individual Class Members' claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs FOREMOST committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions. Thus, the Plaintiffs and the other Class Members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(d)    This action will promote an orderly and expeditious administration and adjudication of the Class claims; economies of time, effort and resources will be fostered; and uniformity of decisions will be ensured;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties and

in obtaining adequate compensation for the damages and injuries which the actions of Defendant, FOREMOST has inflicted upon the Class;

(f) When the liability of the defendant, FOREMOST, has been adjudicated, claims of all Class Members can be administered efficiently and/or determined by the Court; .

(g) Without class certification, the Class Members will continue to suffer damages, and the violations of law of Defendant, FOREMOST, will proceed without remedy, while said Defendants will continue to reap and retain the substantial proceeds of their wrongful conduct;

(h) Without class certification, the prosecution of separate actions by individual Class Members would create the risk of:

(1) Inconsistent and varying adjudications with respect to the individual Class Members, which would establish incompatible standards of conduct for the Defendant; and/or

(2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including, but not limited to, the potential for exhausting the funds available from Defendant, FOREMOST, to provide a remedy for its wrongful conduct.

26. The Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

27.      The Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class:

(a)      An Order mandating the adoption by Defendant, FOREMOST and communication to all their in-house and outside independent claims adjusters, written standards, guidelines and training materials instructing them:

(1)      To include in all future estimates of damage on mobile home claims arising under its mobile home insurance policies compensation for overhead and profit incurred by their policyholders in having the damaged property repaired or replaced; and

(2)      To include in all future estimates of damage on mobile home claims arising under its mobile home insurance policies compensation for state and local taxes incurred by their policyholders on personal property and building materials used to repair or replace damaged mobile homes;

(b)      Ordering that Defendant, FOREMOST, appoint and pay the costs of appointing a firm or firms of independent claims adjusters, or public adjusters, to review the Defendants' claims estimates in respect of the claims of the Plaintiffs and the Class Members arising out of the 2004 Florida Hurricanes and calculate the true amounts in respect of wrongfully withheld taxes, overhead and profit due on said estimates;

(c)      Requiring Defendant, FOREMOST, to disgorge all of their ill-gotten gains from the aforesaid corporate scheme and pattern and practice of suppression,

misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages and improper claims handling, and from their failure to comply with their policies of insurance and the statutes, regulations relating to the business of insurance, and to provide full restitution to the Plaintiffs and Class Members of all monies wrongfully withheld; and

(d)     Enjoining and preventing Defendant, FOREMOST, from engaging in the wrongful conduct alleged herein in the future.

### COUNT I - Breach of Contract

28.     The Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 27 above, as if fully set forth herein.

29.     Defendant, FOREMOST, issued and entered into standard forms of mobile home insurance policy contracts with the Plaintiffs and the Class Members and were obligated to comply with Florida law regarding the issuance of property insurance policies and the handling of claims arising therefrom.

30.     The Plaintiffs' and each Class Member's mobile home insurance policy was valid and enforceable at the time of the adjustment of the Plaintiffs' and each Class Member's claim for damage arising out of the Florida Hurricanes, and at all other times relevant hereto.

31.     At all times relevant hereto, all conditions precedent to Defendant, FOREMOST'S, liability under the standardized forms of mobile home insurance policies

have been performed, including the payment of all premiums necessary to keep the policies in effect during all times relevant to the Complaint.

32. Defendant, FOREMOST, materially breached the terms of the standardized mobile home policy contract with the Plaintiffs and the Class Members by, among other things:

(a) Knowingly and unlawfully failing to pay the Plaintiffs and the Class Members compensation for overhead and profit incurred by the Plaintiffs and the Class Members in having the Hurricane-damaged property repaired or replaced; and

(b) Knowingly and unlawfully failing to pay the Plaintiffs and the Class Members compensation for state and local taxes on personal property and building materials incurred by the Plaintiffs and the Class Members in having the Hurricane-damaged property repaired or replaced.

33. As a proximate result of Defendant, FOREMOST'S aforesaid material breaches of the mobile home insurance policy contracts, the Plaintiffs and the Class Members have been damaged in an amount to be determined at trial, plus interest as allowed by law.

**COUNT II - Breach of Fiduciary Duty**

34. The Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 27 above, as if fully set forth herein.

35.    It is the public policy of the state of Florida that the business of insurance is a public trust, and insurers doing business in the state must serve the best interests of their insureds.

36.    The Plaintiffs and the Class Members generally had no prior training, expertise, or knowledge concerning mobile home insurance or claims handling and/or damage scoping and estimating, including the various statutes, regulations, and rules applicable thereto, and the Plaintiffs and the Class Members relied on the trust they had placed in Defendant, FOREMOST, to provide for the best interests of the Plaintiffs and the Class Members.

37.    FOREMOST knew or should have known that the Plaintiffs and the Class Members placed trust and confidence in Defendant, FOREMOST, and FOREMOST accepted the confidence and trust reposed in it by the Plaintiffs and the Class Members. Additionally, the Plaintiffs and the Class Members were existing policyholders and thus Defendant, FOREMOST, was in special relationships of trust and confidence with the Plaintiffs and the Class Members.

38.    FOREMOST was therefore in a fiduciary relationship with the Plaintiffs and the Class Members pertaining to mobile home insurance, and owed to them a duty of utmost good faith. Defendant, FOREMOST, as a fiduciary, owed to the Plaintiffs and the Class Members a duty to refrain from self-dealing, a duty of loyalty, an overall duty not to take unfair advantage of the Plaintiffs and the Class Members, and a duty to act in the best interests of the Plaintiffs and the Class Members.

39.     Nevertheless, FOREMOST pursued a pattern and practice of self dealing which it knew or should have known would injure the Plaintiffs and the Class Members by knowingly and unlawfully failing to inform the Plaintiffs and the Class Members prior to the purchase and/or renewal of the insurance policies at issue of the insurers' interpretation of policy provisions and/or intent or corporate policy of not paying said tax, profit and overhead items. In so doing, Defendant, FOREMOST, breached the fiduciary duties which they owed to the Plaintiffs and the Class Members.

40.     The above described breaches of said fiduciary duties by FOREMOST resulted in direct and proximate damages to the Plaintiffs and the Class Members, in an amount to be determined at trial.

41.     The above described breaches of said fiduciary duties of Defendant, FOREMOST were not accidental. Said actions as described herein were engaged in knowingly, deliberately, wantonly, willfully and maliciously, in conscious disregard of, and with reckless indifference to, the rights of the Plaintiffs and the Class Members. Defendant, FOREMOST, acted solely with a motivation to enhance its own profits, and to provide high levels of compensation and bonuses to its uncaring and delinquent claims personnel.

42.     The conduct of Defendant, FOREMOST, alleged herein was undertaken by FOREMOST'S officers, directors and managing agents who were responsible for corporate policies, claims operations, underwriting, communications and other decisions regarding property insurance claims. The aforementioned conduct of said officers, directors and managing agents was therefore undertaken on behalf of said corporate

Defendant, FOREMOST. Defendant FOREMOST and its officers, directors and managing agents, further had advance knowledge of the actions and conduct of employees and other individuals, including but not limited to, claims adjusters, acting on behalf of FOREMOST, whose actions and conduct were ratified, authorized and/or approved by said officers, directors and/or managing agents.

## COUNT III - Declaratory and Injunctive Relief

43. The Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 27 above, as if fully set forth herein.

44. Defendant, FOREMOST, continues to engage in a corporate scheme and pattern and practice of suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages and improper claims handling that constitutes unfair methods of competition and/or unfair or deceptive acts and practices in the trade and conduct of insurance. In particular, FOREMOST continues to commit the following unfair or deceptive acts and practices:

(a) Knowingly and unlawfully failing to pay the Plaintiffs and the Class Members compensation for overhead and profit incurred by the Plaintiffs and the Class Members in having the Hurricane damaged property repaired or replaced;

(b) Knowingly and unlawfully failing to pay the Plaintiffs and the Class Members compensation for state and local taxes incurred by the Plaintiffs and the Class Members on hurricane damaged personal property and building materials used in having the Hurricane damaged mobile homes repaired or replaced; and

(c)    Knowingly and unlawfully failing to inform the Plaintiffs and the Class Members prior to the purchase and/or renewal of the insurance policies at issue of the insurers' interpretation of policy provisions and/or intent or corporate policy of not paying said taxes, profit and overhead items.

45.    By reason of the foregoing, the Plaintiffs and the Class Members have been and continue to be irreparably harmed and are entitled to preliminary and permanent injunctive, declaratory and equitable relief, as follows:

(a)    An Order mandating the adoption by Defendant, FOREMOST and communication to all their in-house and outside independent claims adjusters, written standards, guidelines and training materials instructing them:

(1)    To include in all future estimates of damage on mobile home claims arising under its mobile home insurance policies compensation for overhead and profit incurred by their policyholders in having the damaged property repaired or replaced; and

(2)    To include in all future estimates of damage on mobile home claims arising under its mobile home insurance policies compensation for state and local taxes incurred by their policyholders on personal property and building materials used to repair or replace damaged mobile homes;

(b)    Ordering that Defendant, FOREMOST, appoint and pay the costs of appointing a firm or firms of independent claims adjusters, or public adjusters, to review the Defendants' claims estimates in respect of the claims of the Plaintiffs and the

Class Members arising out of the 2004 Florida Hurricanes and calculate the true amounts in respect of wrongfully withheld taxes, overhead and profit due on said estimates;

(c)    Requiring Defendant, FOREMOST, to disgorge all of their ill-gotten gains from the aforesaid corporate scheme and pattern and practice of suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages and improper claims handling, and from their failure to comply with their policies of insurance and the statutes, regulations relating to the business of insurance, and to provide full restitution to the Plaintiffs and Class Members of all monies wrongfully withheld; and

(d)    Enjoining and preventing Defendant, FOREMOST, from engaging in the wrongful conduct alleged herein in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray for a judgment:

A.    Declaring that this action is properly brought as a class action pursuant to Florida Rule of Civil Procedure 1.220, certifying the Class described herein, and declaring that the Plaintiffs are proper representatives of the Class.

B.    Declaring Defendant, FOREMOST, to have engaged in unlawful, unfair, deceptive and unconscionable trade practices and breach of fiduciary duty in the conduct of the business of insurance and enjoining the further commission of those practices.

C.    An Order mandating the adoption by Defendant, FOREMOST and communication to all their in-house and outside independent claims adjusters, written standards, guidelines and training materials instructing them

(1)    To include in all future estimates of damage on mobile home claims arising under its mobile home insurance policies compensation for overhead and profit incurred by their policyholders in having the damaged property repaired or replaced; and

(2)    To include in all future estimates of damage on mobile home claims arising under its mobile home insurance policies compensation for state and local taxes incurred by their policyholders on personal property and building materials used to repair or replace damaged mobile homes.

D.    Ordering that Defendant, FOREMOST, appoint and pay the costs of appointing a firm or firms of independent claims adjusters, or public adjusters, to review the Defendants' claims estimates in respect of the claims of the Plaintiffs and the Class Members arising out of the 2004 Florida Hurricanes and calculate the true amounts in respect of wrongfully withheld taxes, overhead and profit due on said estimates;

E.    Awarding the Plaintiffs and each of the Class Members compensatory damages, in a sum equal to the amounts that Defendant, FOREMOST, wrongfully deducted, failed to pay, and/or withheld from the loss payments due to the Plaintiffs and the Class Members in respect of taxes, overhead and profit.

F.      Awarding the Plaintiffs and the Class Members all costs and expenses of litigation, including reasonable attorneys' fees, experts' fees, and other costs;

G.      Awarding the Plaintiffs and the Class Members pre-judgment interest and post-judgment interest as provided by law;

H.      Awarding the Plaintiffs and the Class Members declaratory and injunctive relief as permitted by law or equity including the disgorgement of ill-gotten gains and restitution to the Plaintiffs and Class Members of all monies (plus interest thereon at the legal rate) acquired by means of any act or practice declared by this Court to be unlawful; and

I.      Awarding such other and further relief as may be just and proper.

### JURY DEMAND

The Plaintiffs, for themselves and on behalf of all Class Members, demand a trial by jury on all issues that may be so tried.

DATED on this the 22nd day of February, 2006.

Charles S. Liberis
Florida Bar No.: 0104937
and
Richard M. Beckish
Florida Bar No.: 0738395
LIBERIS & ASSOCIATES, P.A
40 South Palafox Place, Suite 500
Pensacola, Florida 32502
(850) 438-9647

MAY. 8. 2006  9:14AM   FOREMOST EXEC 7818 956-3990                      NO. 2925   P. 28

Geoffrey N. Fieger
Robert M. Giroux
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555

LAW OFFICES OF DERRICK FISHER
Derrick Fisher, Esq.
California Bar No.: 80037
4229 mesa Vista Drive
La Canada-Flintridge
Pasadena, California 91011
(818) 790-7723

Attorneys for Plaintiffs