**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DALE J. MILLS and DIANE J. MILLS,

                Plaintiffs,

v.                                      CASE NO.: 8:06-CV-00986-T-17-MSS

FOREMOST INSURANCE COMPANY,

                Defendant.

-------------------------------------------------/

**ORDER ON DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

This cause is before the Court on Defendant's, FOREMOST INSURANCE COMPANY ("FOREMOST"), Motion to Dismiss with Prejudice Count I and Count III of Plaintiff's Complaint (Docket No. 17), filed on June 22, 2006, and Plaintiff's response thereto, filed July 27, 2006 (Docket No. 26).

For the reasons outlined below, this Court finds that Defendant's Motion to Dismiss should be **GRANTED**.

**BACKGROUND**

On or about May 25, 2006, Plaintiffs in this action, DALE J. MILLS and DIANE J. MILLS, filed a class action complaint (Docket No. 2), which was originally filed in the Circuit Court of Polk County, Florida but removed to this Court based on diversity jurisdiction pursuant to the Class Action Fairness Act (Docket No. 1).

Plaintiffs, as husband and wife, appear to challenge Foremost's adjustment of certain property insurance claims arising out of Hurricane Frances in the Fall of 2004. The Plaintiffs allege that they owned a residential mobile home that was insured for wind damage losses under a mobile home insurance policy issued by the Defendant. Plaintiffs further allege that their mobile home was damaged as a result of Hurricane Frances and that they filed a claim for such damage with Foremost.

Specifically, on behalf of the putative Class, the Plaintiffs contend that Foremost improperly failed to pay amounts for (a) contractor's "overhead and profit on the line items included" in the Company's estimate of hurricane losses, and (b) state and local taxes on materials used to repair or replace hurricane damaged property. Based on these alleged practices, Plaintiff brings class action claims for: (1) breach of contract; (2) breach of fiduciary duty; and (3) declaratory and injunctive relief. The parties have stipulated to the dismissal of Count II of the class action complaint on June 14, 2006 (Docket No. 13).

## STANDARD OF REVIEW

In ruling on a motion to dismiss, a court should not dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A trial court, in ruling in a motion to dismiss, is required to review the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). If no construction of the factual allegations support the cause of action, then it is appropriate to dismiss the complaint. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991).

## DISCUSSION

This Court finds that the Plaintiffs lack standing to represent the putative class. Before proceeding with certification, a court must decide whether the proposed class representative has standing to represent a putative class. *See Wooden v. Bd. of Regents*, 247 F.3d 1262, 1288 (11th Cir. 2001)(stating that it is "well-settled that prior to certification of a class...the district must determine that at least one named class representative has Article III standing to raise each class subclaim"); *see also Veal v. Crown Auto Dealerships, Inc.*, No. 8:04-CV-323-T-27-MSS, 2006 WL 844561, at 3 (M.D. Fla. Mar. 30, 2006). Thus, if a named plaintiff purporting to represent a class fails to establish the requisite case or controversy against the defendant, that person cannot seek relief on behalf of himself or any other member of the class. *See Wooden*, 247 F.3d at 1288.

The language of the contract cannot be overlooked, cannot be disregarded and cannot be dismissed. The law is clear that the courts do not rewrite a policy to provide coverage when the language of the policy does not. *See, e.g., Excelsior Insurance Co. v. Pomona Park Bar and Package Store*, 369 So.2d 938 (Fla. 1979); *State Farm Fire and Cas. Co. v. Metropolitan Dade*

*County*, 639 So.2d 63 (Fla. 3d DCA 1994).

Pursuant to the terms of the Plaintiff's policy, if the cost of replacement or repair exceeds $2,500.00, Plaintiffs are entitled to policy benefits only on an actual cash value basis until and unless: (1) the repairs and replacement are completed; (2) Plaintiffs actually incur overhead and profit and sales tax in connection with the repairs/replacement; and (3) Plaintiffs make a further claim for any "additional costs" incurred (including overhead and profit and sales tax) in replacing the damaged property.

In the instant case, Plaintiffs have failed to allege that they meet the preconditions of the operative policy. According to the operative Policy, Plaintiffs are not owed overhead and profit on a replacement cost basis until and unless actual repair or replacement has been completed. Because Plaintiffs have failed to allege that the actual repair or replacement has been completed and that they made a claim for such replacement cost, they do not have standing to maintain individual claims, let alone class claims.

Moreover, as a matter of law, Plaintiffs' claims are inappropriate for class action treatment where common issues would not predominate.  Florida Courts have repeatedly recognized that claims challenging an insurer's alleged adjustment of overhead and profit were inappropriate for class action treatment because they necessarily would turn on facts and circumstances unique to thousands of individual property damage insurance claims. *See Cominsky v. State Farm Fire & Cas. Co.*, No. 94-1015, slip op. (S.D. Fla. Apr. 8, 1997) (rejecting the proposed class action challenging the alleged withholding of amounts for contractors' overhead and profit and sales tax on the basis that individual issues of law or fact would unquestionably overwhelm any issues common to the class members as a whole); *Graham v. State Farm Fire & Cas. Co.*, No. C10-01-1352-40, slip. op. (Fla. 9th Cir. Aug. 17, 2001) (dismissing class allegations challenging the adjustment for overhead and profit with prejudice), *aff'd*, 813 So.2d 273 (Fla. 5th DCA 2002); *Lorenzo v. State Farm Fla. Ins. Co.*, No. 01-CA-119-15-G, slip. op. (Fla. 18th Cir. Aug. 23, 2001), *appeal dismissed*, No. 01-3295, slip op. (Fla. 5th DCA 2001) (rejecting class action challenging an insurer's adjustment of overhead and profit). Thus, the individual inquiry of the facts surrounding the property damage claims of thousands of Foremost policy holders under thousands of separate insurance policies would predominate and overwhelm any common issue.

## CONCLUSION

For the reasons previously enunciated, this Court finds no basis to allow this case to proceed as a class action case. Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss with Prejudice Count I and Count III of Plaintiff's Complaint (Docket No. 17) be **GRANTED**; that the Plaintiffs' Complaint be dismissed with **PREJUDICE**; and that the Clerk is directed to close this case, and to terminate any other pending motions.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 15th day of November, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.