UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE J. MILLS and DIANA J. MILLS,

    Plaintiffs,

vs.                                       CASE NO. 8:06-CIV-986-T-17-MAP

FOREMOST INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

The cause is before the Court on defendant's motion for summary judgment (Docket No. 64); response thereto (Docket No. 68); reply (Docket No. 75); and the sur-reply and exhibit (Docket Nos. 77 and 78).

### BACKGROUND

The plaintiffs filed this case as a class action in the Circuit Court of Polk County, Florida in about February 2006. The original complaint alleged that:

> [T]he Millses are Florida residents who own a mobile home that was insured by Foremost under a "Mobile Home Insurance Policy" (the "Policy"). In September 2004, Hurricane Frances damaged the Millses' home and personal property covered under the Policy. The Millses submitted a claim to Foremost under the Policy and received a loss payment that was less than they were entitled to. Specifically, Foremost failed to compensate the Millses for contractors' overhead and profit charges, and for state and local sales taxes on materials, incurred by the Millses in having their hurricane-damaged property repaired or replaced. (footnote omitted) The complaint also alleges that Foremost knowingly and unlawfully failed to pay overhead, profit, and taxes in Foremost's estimates of hurricane-damaged losses and failed to inform the Millses about

CASE NO. 8:05-CIV-1086-T-17-MAP

>Foremost's intention not to pay overhead, profit, and taxes under the Policy....
>
>...The complaint seeks damages and declaratory and injunctive relief, both for the Millses themselves and on behalf of a class.  The complaint defines the class as all of Foremost's mobile home insurance policyholders in Florida who, from August 1, 2004, onward, submitted to Foremost claims for hurricane damage to their mobile home or personal property caused by or arising from four hurricanes that struck Florida in August and September 2004 (Hurricanes Charlie, Frances, Ivan, and Jeanne). *Mills v Foremost Insurance Company*, 511 F.3d 1300 (11th Cir. 2008).

The case was removed to this court based on diversity pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, *et seq.*  The Court entered an order, on November 15, 2006, granting the defendant's motion to dismiss with prejudice (Docket No. 29).  The Court found the Millses lacked standing to represent the putative class based on their failure to allege that "the actual repair or replacement has been completed and that they have made a claim for such replacement costs.." and, further, that the claims of the Millses were inappropriate for class action treatment where common issues would not predominate.

On February 4, 2008, the Eleventh Circuit Court of Appeals reversed the Court's ruling on the motion to dismiss.  The appellate court found that:

>[T]he district court erred in determining that preconditions in the Policy required the Millses to complete repair or replacement of their damaged property and to submit such replacement cost claim in order to have standing and be entitled to recover the Withheld Payments.
>
>The district court also erred in treating these particular insurance coverage issues under the Policy as standing issues.  The complaint alleges that the Millses had a mobile home, that Foremost issued an insurance policy covering hurricane damage to the mobile home, that a hurricane damaged the Millses' mobile home, that the Millses made a claim under the Policy for those damages, and that Foremost paid less on the claim than the Millses contend they are owed.  Thus the Millses clearly had standing to sue for damages under the Policy...
>Whether the Withheld Payments were covered by the Policy is an issue of whether the

2

> Millses' complaint fails to state a claim for relief under the Policy-not a standing issue. Whether the Millses' complaint pled sufficient facts is likewise a failure-to-state-a-claim issue. We thus reject Foremost's standing arguments as to the Millses' individual claims against Foremost on this basis as well.
>
> Having concluded that the Millses have stated a claim for the Withheld Payments, we next conclude the Millses have standing as putative class representatives. ..
>
> The Millses have alleged two individual claims: (1) that Foremost breached the terms of the Policy by not compensating them for the Withheld Payments; and (2) that Foremost unlawfully failed to inform them, before they purchased or renewed their policies, of Foremost's intention not to make those payments. The two claims that the Millses have attempted to raise on behalf of a class are identical. Therefore, we conclude that with respect to each class claim, the Millses have standing not just individually, but also as putative class representatives.
>
> Nonetheless, we stress that the fact that the Millses have standing as putative class representatives is an issue distinct from whether they qualify under Rule 23 to represent the class. *See Wooden,* 247 F.3d at 1288 ("Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others." (quotation marks and citation omitted)).

Following the return to this Court of the case, the plaintiffs filed an amended complaint (Docket No. 42). The amended complaint is essentially the same as the first complaint, though it does drop Count II, breach of fiduciary duty, of the original complaint. On September 15, 2008, the defendant filed the pending motion for summary judgment.

## **STANDARD OF REVIEW**

CASE NO. 8:05-CIV-1086-T-17-MAP

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56©) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

CASE NO. 8:05-CIV-1086-T-17-MAP

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996). (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996).

## DISCUSSION

The motion for summary judgment states that the defendant seeks summary judgment "because the undisputed facts demonstrate that they do not have standing to sue. They are not member of the class that they seek to represent--i.e., they are not 'reasonably likely' to have incurred overhead and profit expenses in connection with the repair or replacement of their hurricane damaged real property. Indeed, the undisputed facts show that they did not incur or need to incur the expense associated with hiring a general contractor."

The Court has reviewed all the documents submitted in support of and opposition to the motion for summary judgment and concludes that the defendant is not entitled to summary judgment on the matter of standing at this time. The appellate court made it abundantly clear in its reversal opinion that the plaintiffs have standing as putative class representatives and in their individual claims and that the issue the defendant is attempting to classify here as "standing" simply is not. The circuit court specifically found: "Whether the Withheld Payments were covered by the Policy is an issue of whether the Millses' complaint fails to state a claim for relief

CASE NO. 8:05-CIV-1086-T-17-MAP

under the Policy-not a standing issue. Whether the Millses' complaint pled sufficient facts is likewise a failure-to-state-a-claim issue." The issues raised in the summary judgment motion go not to standing but the merits of the claims and the appropriateness of the putative class action.

The question of the "'reasonable likelihood" of incurring overhead and profit expenses in connection with the repair or replacement of their hurricane damaged real property is, as pointed out by the plaintiffs, one for the finder-of-fact when the non-moving party has established the existence of genuine issues of material fact. The Court agrees that the plaintiffs have established the existence of genuine issues of material fact which should be submitted to the trier of facts, the jury, not decided by the instant motion for summary judgment. Accordingly, it is

**ORDERED** that the motion for summary judgment (Docket No. 64) be **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 28th day of January, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record