UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE J. MILLS and C. DIANE MILLS,

    Plaintiffs,

v.                                       Case No.: 8:06-cv-00986-T-EAK-AEP

FOREMOST INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION TO STRIKE

THIS CAUSE is before the Court on Plaintiffs', DALE J. MILLS and C. DIANE MILLS (hereinafter "Mills"), Motion to Strike Defendant's Exhibit A-1 (Dkt. 167) and Defendant's, FOREMOST INSURANCE COMPANY (hereinafter "Foremost"), Memorandum in Opposition to Plaintiffs' Motion to Strike Defendant's Exhibit A-1 (Dkt. 171).

## DISCUSSION

On October 29, 2009, this Court granted Plaintiff's Motion for Leave to File Excess Pages up to 35 total (Dkt. 105). On November 16, 2009, this Court granted Defendant's Motion for Leave to File Excess Pages which allowed the Defendant to file a Memorandum in Opposition to the Plaintiffs' Motion to Certify Class Action (Dkt. 135) up to thirty-five pages. It is the Mills' position that Foremost's Memorandum in Opposition to Plaintiff's Motion to Certify Class Action was in excess of the thirty-five page limit and that Exhibit A-1, attached thereto, is not a "Statement of Facts" but in fact an extension of Defendant's Memorandum in Opposition and contains both legal and factual arguments. The Mills' suggest that Exhibit A-1 to Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification is Foremost's attempt to circumvent the page limit set by this Court.

Specifically, the Mills' allege that Exhibit A-1 violates Local Rule 3.01 and Foremost's "Fact Statement" is attempting to "back door" a fifty eight page memorandum into the record. Local Rule 3.01 (a) states, "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages. Local Rule 3.01 (b) states, "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages" *LR 3.01(a)&(b)*.

Foremost advances three reasons why the "Fact Statement" should not be stricken: 1) it is not a legal memorandum, but rather a tool for organizing the evidentiary references in Plaintiff's 35-page Motion for Class Certification, 2) the submission of a separate Fact Statement was necessitated by Plaintiffs' decision to file 800 pages of undifferentiated "evidence" in support of the Class Motion; and 3) the Mills had an opportunity to address any alleged inaccuracies in the Fact Statement in their reply memorandum (Dkt. 171). Foremost addressed the purpose of the "Fact Statement," stating it was to organize the evidentiary references in the voluminous record and not a supplemental brief or legal memorandum.

While this Court does find that Foremost may have violated LR 3.01 (a), given the eight hundred (800) pages of certification materials filed by the Mills', and under due consideration by this Court, this Court is willing to let the "Fact Statement" stand. As the "Fact Statement" sites no legal authority, this Court is willing to allow it in based on the extensive discovery surrounding the pending litigation. Allowing the "Fact Statement" to stand will help aid the expedient resolution of this case. This Court finds no need to rule on whether the Mills' have previously violated the Local Rules; however, there does

appears to be evidence of the Mills' failure to comply with several of the Local Rules at previous stages of litigation. This Court finds the Mills' argument regarding Foremost's failing to comply with the Local Rules unpersuasive and will allow Foremost's violation of the Local Rules to be overlooked ***on this one time basis only*** (emphasis added). Accordingly, it is:

**ORDERED** that the Plaintiffs', DALE J. MILLS and C. DIANE MILLS, Motion to Strike Defendant's Exhibit A-1 be **DENIED.**

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 23rd day of June, 2010.



Copies to: All parties and counsel of record.