UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE J. MILLS and C. DIANE MILLS,

Plaintiffs,

v.                                    Case No.: 8:06-cv-00986-T-EAK-AEP

FOREMOST INSURANCE COMPANY,

Defendant.
_____/

**ORDER FROM *DAUBERT* HEARING ON DEFENDANT'S MOTION TO STRIKE DECLARATION OF RICHARD CARY AND CERTAIN EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFCIATION AND SUPPORTING MEMORANDUM OF LAW (DKT. 140) AND DEFENDANT'S MOTION TO STRIKE THE EXPERT DECLARATIONS OFFERED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; AND SUPPORTING MEMORANDUM OF LAW (DKT. 146)**

THIS CAUSE is before this Court from the July 8, 2010, *Daubert* Hearing on Defendant's, FOREMOST INSURANCE COMPANY (hereinafter "Foremost"), Motion to Strike Expert Declaration of Richard Cary and Certain Exhibits Filed in Support of Plaintiffs' Motion for Class Certification and Supporting Memorandum of Law (Dkt. 140) and Defendant's Motion to Strike the Expert Declarations Offered in Support of Plaintiffs' Motion for Class Certification; and Supporting Memorandum of Law (Dkt. 146). For the reasons set forth below, Defendant's Motion to Strike Declaration of Richard Cary and Certain Exhibits Filed in Support of Plaintiff's Motion for Class Certification and Supporting Memorandum of Law (Dkt. 140) is **GRANTED IN PART AND DENIED IN PART**. In regards to Defendant's Motion to Strike the Expert Declarations Offered in Support of Plaintiffs' Motion for Class Certification (Dkt. 146), Defendant's oral motion to withdraw made at the July, 8, 2010, *Daubert* Hearing is **GRANTED**.

1

## DISCUSSION

I. **Motion to Strike Declaration of Richard Cary and Certain Exhibits Filed in Support of Plaintiffs' Motion for Class Certification and Supporting Memorandum of Law. (Dkt. 140)**

   A. **Richard Cary Declaration (Dkt. 126)**

Foremost moves this Court for an order striking the declaration of Richard Cary on the grounds that his declaration, and subject matter contained therein, was not timely disclosed. Foremost contends that the Richard Cary Declaration, in addition to a motion in limine from the *Burgess*[1] action and a performance review of Isabelle Arnold, must all be stricken on the grounds that Foremost withdrew its motion to compel after receiving alleged assurances that all witnesses and documents had been disclosed by the Plaintiffs (hereinafter "Millses") prior to the close of class discovery. According to the Transcript of Digitally Recorded Hearing Re: Defendant's Motion to Compel Before this Honorable Anthony E. Porcelli, United States Magistrate Judge (Dkt. 100, 10:14-16), Plaintiff's counsel Fisher stated that he did not anticipate any additional documents or any other matter that would be responsive to the defendant's interrogatories or requests for production. However, during the same hearing, Defense counsel Townes stated, "There is only one area of any real concern to us, and those are the documents relating to their expert, Keith Sonnier," (Dkt. 100, 6:13-15). Thus, this Court fails to see how Foremost is prejudiced as the scope of their motion to compel appears narrowed to Sonnier. Further, as the Second Amended Case Management Report (Dkt. 79) states, under General Provisions Governing Discovery, Section s. Disclosure of Expert Testimony:

> Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: Plaintiffs' disclosure due December 7, 2009; Defendant's disclosure due December 28, 2009. Plaintiff's rebuttal expert disclosure due January 18, 2010.

In accordance with the above Section of the Second Amended Case Management Report, the Declaration of Richard Cary does not appear untimely and is not stricken.

---

[1] *Bill Burgess and Betty Burgess v. Farmers Ins. Co. Inc., and Farmer's Ins. Exch.,* (Case No. CJ-2001-292) (Okla. Dist. Ct. (Comanche County).

### B. Isabelle Arnold Performance Review (116-13)

On similar grounds, Foremost moves this Court to strike the performance review of Isabelle Arnold. However, Foremost fails to assert how they are prejudiced. Upon consideration by this Court of the date in which Defendant's motion to strike was filed, and the subsequent testimony of Ms. Arnold before this Court at the July 8, 2010, *Daubert* hearing, this Court finds no prejudice to Foremost regarding the inclusion of Ms. Arnold's performance review. As such, the deadline in which Ms. Arnold's performance review was to have been filed is waived and her performance review shall not be stricken.

### C. Settlement Documents (Dkt. 116-4, 116-5, 116-6, 116-7), Motion in Limine (Dkt. 116-2), Daues Deposition (Dkt. 123)

Foremost moves this Court for an order striking settlement documents on a relevancy basis from two state court actions in Oklahoma[2] and Arkansas[3]. Furthermore, Foremost moves this Court to strike a motion in limine from the *Burgess* action (Dkt.116-2) and the deposition of James Daues (Dkt. 123). Foremost contends that these documents are irrelevant as Foremost was not a party to the underlying actions or to the settlement documents in which Foremost now seeks to have this Court exclude. In *Wajcman v. Inv. Corp. of Palm Beach*, No. 07-80912-CIV, 2009 WL 465071 (S.D. Fla. Feb. 23, 2009), the Plaintiff's sought to introduce evidence of settlements between other poker facilities in regard to their tip pooling practices. The *Wajcman* court stated, "The question of whether Rule 408 bars evidence of a settlement between one of the parties and a third party when such settlement involves similar circumstances to, but does not arise out of, the transaction with which the litigation is concerned remains undecided by the Eleventh Circuit," (*citing Dallis v. Aetna Life Ins. Co.*, 768 F.2d 1303, 1307, n. 2 (11th Cir.1985)). Federal Rule of Evidence Rule 408, 28 U.S.C.A., reads in its entirety as follows:

---

[2] *Bill Burgess and Betty Burgess v. farmers Ins. Co. Inc., and Farmer's Ins. Exch.,* (Case No. CJ-2001-292) (Okla. Dist. Ct. (Comanche County).
[3] *Alexander et al. v. Nationwide Mutual Ins. Co., et al.,* (Case No. CV-2009-120-3) (Ark. Cir. Ct. (Miller County)).

3

**Rule 408. Compromise and Offers to Compromise**

(a) **Prohibited uses.**—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
  (1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and
  (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) **Permitted uses.**—This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

As the *Wajcman* court establishes, "Here, Plaintiffs seek to introduce evidence of settlements between other poker facilities and their employees-some of whom are also Plaintiffs in this action-with regard to their tip pooling practices. It appears that Plaintiffs seek to offer this evidence to establish that other poker facilities, which may have included floor supervisors in their tip pools, were guilty of violating the FLSA. However, admitting evidence of such settlement agreements for that purpose would run afoul of Rule 408 because a settlement cannot be used as proof of a party's liability," (*Id.* at p.2). See *Imtiazuddin v. North Avenue Auto, Inc.*, 2004 WL 2418295, *2-3 (N.D. Ill. Oct.27, 2004) (court found plaintiff's settlements with other defendants to be inadmissible, where their relevance and probative value was "doubtful," the evidence would likely be a "waste of time" and only lead to "jury confusion"); *see also Pioneer Hi-Bred Intern., Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 144 (N.D. Iowa 2003) (settlements with other defendants are "not ordinarily admissible"). This Court finds that inclusion of the settlement documents factually irrelevant, potentially burdensome, and tending to lead jurors astray. Furthermore, the instant case is at the class certification stage and not at the settlement stage. As such, the requirements under Fed. R. Civ. P. 23(c) for class certification are different than those requirements under Fed. R. Civ. P. 23(e)(2), which are to be evaluated to determine whether a settlement is fair, reasonable, and adequate.

4

While the Millses contend that in the instant case the *Burgess* and *Nationwide*[4] settlement documents are not being offered in order to establish liability, but offered for the limited purpose of determining manageability and superiority issues on the Millses' Motion for Class Certification, the nexus between *Burgess* and *Nationwide* to the instant case is too attenuated. The underlying facts are different, the forums are different, and this Court does not find the inclusion of the documents to be helpful in determining manageability or superiority issues upon Plaintiffs' pending motion for class certification. As such, the settlement documents from *Burgess* and *Nationwide* are stricken.

Foremost also moves this Court to exclude other documents from the *Burgess* Action. First, Foremost moves this Court to strike a motion in limine filed in the *Burgess* action, which the Millses argue will aid this Court with class certification. Second, Foremost moves this Court to strike the deposition of Farmers Insurance Exchange, Fire Insurance Exchange, and Truck Insurance Exchange, Senior Vice President, Mr. James Daues. Both of these documents are again from a lawsuit arising in a separate forum, containing different parties, and which may ultimately prove to be more burdensome than helpful when evaluating Plaintiffs' motion for class certification. In addition, Mr. Daues deposition was taken on January 9, 2003, while the putative class in the instant case is defined by a period of time between August 1, 2004, and the present. As Mr. Daues' deposition pre-dates the relevant time period in the instant case, and appears from a separate, distinct case, both the *Burgess* motion in limine and the deposition of Mr. Daues are stricken.

---

[4] *Alexander et al. v. Nationwide Mutual Ins. Co., et al.*, (Case No. CV-2009-120-3) (Ark. Cir. Ct. (Miller County)).

D. <u>28 U.S.C. §1927[5]</u>

Under the plain language of the statute, three essential requirements must be satisfied with respect to an award of sanctions under §1927. First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). This Court does not find the conduct of Plaintiff's counsel to be unreasonable and vexatious, and as such, finds no need to analyze the remaining two requirements as they are moot. This Court does not find the alleged untimely disclosure of witnesses and documents by Foremost to give rise to sanctions pursuant to 28 U.S.C. §1927. Foremost's motion for Plaintiffs' counsel to be sanctioned is **denied**.

II. <u>Motion to Strike the Expert Declaration Offered in Support of Plaintiffs' Motion for Class Certification; and Supporting Memorandum of Law (Dkt. 146)</u>

At the July 8, 2010, *Daubert* Hearing, Foremost made a voluntary oral motion to withdraw their Motion to Strike Expert Declarations Offered in Support of Plaintiffs' Motion for Class Certification; and Supporting Memorandum of Law (Dkt. 146). Foremost's motion to withdraw Dkt. 146 is hereby **granted**.

---

[5] § 1927. Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

6

## Conclusion

Accordingly, it is:

**ORDERED** that the Defendant's, FOREMOST INSURANCE COMPANY, motion to withdraw Defendant's Motion to Strike the Expert Declaration Offered in Support of Plaintiffs' Motion for Class Certification; and Supporting Memorandum of Law (Dkt. 146) be **GRANTED**.

**ORDERED** that Defendant's, FOREMOST INSURANCE COMPANY, Motion to Strike Declaration of Richard Cary and Certain Exhibits Filed in Support of Plaintiffs' Motion for Class Certification and Supporting Memorandum of Law. (Dkt. 140) be **GRANTED IN PART AND DENIED IN PART**. The motion to strike The Declaration of Richard Cary (Dkt. 126) and the performance review of Isabelle Arnold (Dkt. 116-14) is **DENIED**. The motion to strike the *Burgess* and *Nationwide* settlement documents (Dkt. 116-4, 116-5, 116-6, 116-6), the motion in limine from *Burgess* action (Dkt. 116-2), and the deposition of James Daues is **GRANTED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 2nd day of September, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

7