UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE J. MILLS and C. DIANE MILLS,
    Plaintiffs,

    v.                                Case No.: 8:06-CV-00986-T-EAK-AEP

FOREMOST INSURANCE COMPANY,
    Defendant.
_____/

**ORDER ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT OR IN THE ALTERNATIVE MOTION FOR RECONSIDERATION OF DENIAL OF CLASS CERTIFICATION**

THIS CAUSE is before this Court on Plaintiffs', DALE J. MILLS and C. DIANE MILLS (hereinafter "the Millses"), Motion for Remand to State Court or in the Alternative Motion for Reconsideration of Denial of Class Certification (Dkt. 211) and Defendant's, FOREMOST INSURANCE COMPANY (hereinafter "Foremost"), Memorandum in Opposition to Plaintiffs' Motion for Remand to State Court or in the Alternative Motion for Reconsideration of Denial of Class Certification (Dkt 213). This Court has previously entered an order denying class certification (Dkt. 208) on September 29, 2010. For the reasons set forth below, Plaintiffs' Motion for Remand to State Court or in the Alternative Motion for Reconsideration of Denial of Class Certification (Dkt. 211) in **DENIED in part and RULING IS DEFERRED in part**.

**Discussion**

This Court has previously established a thorough factual and procedural background in its order denying class certification (Dkt. 208). The previously established background is hereby incorporated by reference. Following this Court's order denying class certification on September 29, 2010, this Court questioned whether there was any longer sufficient diversity jurisdiction and allowed the parties ten (10) days to establish that the case should not be remanded to state court. The Millses Motion for Remand or

1

in the Alternative a Motion for Reconsideration (Dkt. 211) and Foremost's response thereto (Dkt. 213) followed.

### I. Subject Matter Jurisdiction

In their Motion for Remand or in the Alternative Motion for Reconsideration, the Millses point out that this action was filed in Circuit Court of Polk County, Florida, and subsequently removed to this Court based on diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) (hereinafter "CAFA"). The Millses jurisdictional challenge relies solely on *Cappuccitti v. DirecTV, Inc.,* 611 F.3d 1252, 1256 (11th Cir. July 19, 2010) ["*Cappuccitti I*"], which held that in a CAFA action originally filed in federal court, at least one of the plaintiffs must allege an amount in controversy that satisfies the current congressional requirement for diversity jurisdiction provided in 28 U.S.C. § 1332(a). Specifically, the Millses assert that under *Cappuccitti I*, at least one individual plaintiff in a federal court action based on CAFA must allege individual damages of at least $75,000, and in the instant case no such allegation has been made by the Millses. The Millses filed their Motion for Remand to State Court or in the Alternative Motion for Reconsideration on October 12, 2010, and on October 15, 2010, the Eleventh Circuit subsequently vacated its prior ruling in *Cappuccitti I*. In *Cappuccitti v. DirecTV, Inc*., No. 09-14107, 2010 WL 4027719, slip op. at *1 (11th Cir. October 15, 2010) ["*Cappuccitti II*"], the Eleventh Circuit reasoned:

> "On July 19, 2010, we issued an opinion in this case. *Cappuccitti v. DirecTC, Inc.,* 611 F.3d 1252 (11th Cir.2010). We based our decision on our interpretation of the jurisdictional requirements of the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. Mo. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), which we have elsewhere called a "statutory labyrinth." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1199 (11th Cir.2007). Subsequent reflection has led us to conclude that our interpretation was incorrect. Specifically, CAFA's text does not require at least one plaintiff in a class action to meet the amount in controversy requirement of 28 U.S.C. § 1332(a). Accordingly, we construe both parties' petitions for rehearing en banc to include petitions for panel rehearing, vacate our earlier opinion, and replace it with this one."

*Id.* at *1. As such, the Millses reliance on *Cappuccitti I* is no longer legally viable and this Court denies the Millses' request to declare this Court's September 29, 2010, order denying class certification a nullity.

## II. Motion for Reconsideration

The three primary grounds that justify reconsideration are: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct error or prevent manifest injustice." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP,* 642 F.Supp.2d 1344, 1353 (S.D.Fla.2009) (quotation marks and citation omitted). This Court does not find the grounds for reconsideration to have been established. Aside from the fact that the Millses have failed to include any authority or framework for which a motion for reconsideration should be granted, the Millses fail to even mention any of the grounds upon which a motion for reconsideration is to be examined. The Millses do not allege an intervening change in the controlling law, the availability of new evidence, or the need to correct error or prevent manifest injustice. It appears the Millses simply want another at-bat, something this Court will not permit.

The Millses request reconsideration founded upon a newly crafted class definition found within their Motion for Reconsideration of this Court's order denying class certification. This Court has previously detailed extensively the deficiencies found in the application of Federal Rule of Civil Procedure 23 to the case *sub judice* in a September 29, 2010, order denying class certification. "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999). This Court will not reconsider its previous order denying certification as the deficiencies discussed in our September 29, 2010, order remain, despite the Millses' proposed amended class definition. Furthermore, the Millses have failed to allege any ground upon which a motion for reconsideration may be granted.

The Millses also point to *Burgess v. Farmers Insurance Co. Inc. et al,* (Oklahoma District Court of Comanche County case no. CJ-2001-292) certified as a class action by the trial court and affirmed by the Oklahoma Superior Court (2005 OK 66; 151P.3d 9) as a case illustrative of the acceptance of the class action method for claims for general contractor's overhead and profit (hereinafter "GCOP"). Foremost counters that this is not the only result for class action claims seeking payment of GCOP. In *Lindas v. First Floridian Auto and Home Ins. Co.,* (No. 2008-CA-19910-O) (Fla., 9th Jud'l Cir. Oct. 13, 2010), the court denied class certification reasoning that, "[t]he question of whether the services of a general contractor are reasonably necessary must be resolved through a case by case analysis of the individual facts of each claim." *Id.* at ¶ 3. Thus although some courts have certified a class based on claims for GCOP as the Millses have indicated, other courts have maintained that class action treatment is not proper for class action claims for GCOP on a similar foundation as that of this Court in our September 29, 2010, order denying class certification. Under which ground the Millses avouch the *Burgess* class certification lies would be nothing more than speculation by this Court as the Millses have failed to indicate under what such basis their motion for reconsideration should be granted. As such, this Court denies the Millses' motion for reconsideration on all grounds as established above.

### III. <u>Motion to Remand</u>

While the Millses request an order of remand to state court, Foremost contends that this Court has continuing jurisdiction over the Millses' individual claims pursuant to *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256 (11th Cir. 2009). As the Millses have not been afforded the opportunity to brief this Court on the issue of continuing jurisdiction under *Vega*, this Court will defer its ruling on the Millses' motion for remand to state court. The Millses are hereby ordered to file a response by or on December 3, 2010, for the sole purpose of addressing the issue of whether this Court has jurisdiction over the Millses' individual claims. The Millses' response is limited to ten (10) pages and hereby ordered to be filed by or on

4

December 3, 2010. If no timely response is filed with this Court by or on December 3, 2010, this Court will rule on the Millses' pending motion for remand to state court.

Accordingly, it is:

**ORDERED** that Plaintiffs' Motion for Remand to State Court or in the Alternative Motion for Reconsideration of Denial of Class Certification (Dkt. 211) be **DENIED in part and RULING IS DEFERRED in part.** The Millses' request for this Court to declare its September 29, 2010, order denying class certification a nullity is **DENIED**. The Millses' request for this Court to reconsider its order denying class certification is **DENIED**. This Court **DEFERS RULING** on the Millses' motion for remand to state court and the Millses are hereby ordered to file a response as directed above by or on December 3, 2010.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 23rd day of November, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.